# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARINA FRANCISCO,<br><br>      Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; DOES 1 THROUGH 20, inclusive,<br><br>      Defendants. | Case No. 14-cv-00887-AJW<br><br>[Assigned to the Honorable Andrew J. Wistrich]<br><br>**[PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER** |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1139964.1\0364224

This Court having reviewed the stipulation of plaintiffs Catarina Francisco and Alejandro Francisco (collectively, "Plaintiffs") and defendant Bank of America, N.A. ("Defendant") for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Plaintiffs or Defendants (each a "Party" and collectively "Parties") and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation"); and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. This Order is being entered into to facilitate the production, exchange and discovery of documents and information that any Party or non-party believes in good faith merit confidential treatment. This Order shall govern the handling of all responses to discovery requests, documents, depositions, deposition exhibits, interrogatory responses, admissions, transcripts of depositions, and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") (such information or material hereinafter referred to as "Discovery Material").

2. As used herein:

    (a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, to the extent that the Party or non-party designating the Discovery Material as confidential in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws and/or "consumer reports" within the meaning of the Fair

1  Credit Reporting Act (15 U.S.C. § 1681a) (collectively, the "Acts"), that may be
2  collected or produced in connection with originating, purchasing, or servicing a
3  mortgage loan, or other information, the disclosure of which would, in the good
4  faith judgment of the Producing Party (defined below) be detrimental to the conduct
5  of that Party's business or the business of any of the Party's customers or clients.

6  (b)   "Producing Party" shall mean the Party or non-party producing
7  Confidential Information in connection with this Litigation, including in
8  depositions, document productions or otherwise, or the Party or non-party asserting
9  the confidentiality of such material, as the case may be.

10 (c)   "Receiving Party" shall mean the Party or non-party receiving
11 Confidential Information in connection with this Litigation, including in
12 depositions, document productions or otherwise.

13 3.    Any Party or non-party may designate Discovery Material as
14 "confidential," by affixing the notation "CONFIDENTIAL" on the document,
15 making a statement on the record of a deposition as to the portions of the deposition
16 to be designated as confidential, providing written communication to the respective
17 undersigned counsel for the parties hereto, or by other appropriate means.  Either
18 Party may designate Discovery Material as "highly confidential" by affixing the
19 notation "HIGHLY CONFIDENTIAL" on the document, making a statement on the
20 record of a deposition as to the portions of the deposition to be designated highly
21 confidential, providing written communication to the respective undersigned
22 counsel for the parties hereto, or by other appropriate means.

23 4.    A Producing Party may designate a document as Confidential
24 Information after such document has been produced by following the procedures set
25 forth below in paragraph 14.  Once designated, any such document shall be treated
26 as Confidential Information.  A Receiving Party shall not be obligated to challenge
27 the propriety of any designation of Discovery Material under this Order at the time
28 the designation is made, and a failure to do so shall not preclude a subsequent

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1139964.1\036422439964

3

ORDER FOR ENTRY OF PROTECTIVE ORDER

challenge thereto.  The Receiving Party may, at any time, notify the Producing Party that the Receiving Party disagrees with the designation of Discovery Material as Confidential Information.  If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move the Court for an order declassifying the Discovery Material as confidential Information.  If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information.  If such motion is filed, the Discovery Material shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Use and Disclosure of Confidential Information

(a) Except with the prior written consent of the Producing Party or by Order of the Court, no person or entity may use Confidential Information for any purpose other than the prosecution, defense or settlement of this litigation and shall not furnish, show, disclose or provide access by any other manner inconsistent with this Order to any person or entity other than:

(1) personnel of Plaintiffs or Defendant actually engaged in assisting counsel in the conduct of this Litigation and who have been advised of their obligations hereunder;

(2) former personnel of Plaintiffs or Defendant actually engaged in assisting counsel in the conduct of this Litigation, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, execute a written agreement, in the form attached as Exhibit A hereto (the "Confidentiality Undertaking"), to comply with and be bound by the Order's terms.  If the former personnel or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information;

(3) counsel for any Party named in this Litigation and their associated attorneys, and temporary attorneys, paralegals and other professional personnel (including support staff), and service vendors (including outside copying

1  and litigation support services and e-discovery vendors) who are directly assisting
2  such counsel in the conduct of this Litigation, are under the supervision or control of
3  such counsel, and who have been advised by such counsel of their obligations
4  hereunder;

5         (4)   expert witnesses or consultants retained by the Parties or
6  their counsel to furnish assistance, or technical or expert services in connection with
7  the conduct of this Litigation or to give testimony in the course of the conduct of
8  this Litigation; and the employees of such experts or consultants when working in
9  connection with the conduct of this Litigation; provided, however, that such
10 Confidential Information is furnished, shown or disclosed in accordance with
11 paragraph 7 hereof;

12        (5)   the Court and Court personnel, if filed in accordance with
13 paragraph 12 hereof;

14        (6)   any person indicated on the face of a document to be the
15 author, addressee, or a copy recipient of the document, or as to whom there has been
16 deposition or trial testimony that the person was the author or a recipient of the
17 document, provided that the only Confidential Information that may be furnished,
18 shown, or disclosed to said person shall be the documents for which there is
19 evidence that said person was the author or a recipient;

20        (7)   an officer before whom a deposition is taken in this
21 Litigation, including stenographic reporters and any necessary secretarial, clerical or
22 other personnel of such officer, if furnished, shown or disclosed in accordance with
23 paragraph 10 hereof;

24        (8)   trial and deposition witnesses, and their counsel, during
25 the course of, to the extent necessary, and in preparation for trial or depositions in
26 this Litigation, provided, however, that such Confidential Information is disclosed in
27 accordance with paragraphs 9 and 10, respectively, hereof, and that prior to
28 disclosure, the disclosing Party shall request that such persons and their counsel

1 execute a copy of the Confidentiality Undertaking. If such persons or their counsel
2 refuse to execute the Confidentiality Undertaking, then they shall not be furnished
3 with Confidential Information; and

4       (9)    any other person agreed to by the Parties.

5     (b)    Nothing in this Order shall be construed as a waiver of the right
6 of any Party to object to the disclosure of Confidential Information to a potential
7 adverse witness or deponent.

8     6.    Discovery Material shall be utilized by recipients only for purposes of
9 this Litigation and for no other purposes.

10     7.    Before any disclosure of Confidential Information is made to an expert
11 witness or consultant pursuant to paragraph 5(a)(4) hereof, counsel for the
12 Receiving Party shall obtain a Confidentiality Undertaking signed by the expert or
13 consultant, in the form of Exhibit A attached hereto. Counsel for the Receiving
14 Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for
15 the other Party at the time of the disclosure, except that any Confidentiality
16 Undertaking signed by an expert or consultant who the Receiving Party, in good
17 faith, reasonably does not expect to call as a witness at trial does not need to be
18 disclosed.

19     8.    All depositions and transcripts of any testimony given at a deposition
20 by Plaintiffs or Defendant in this case shall presumptively be treated as Confidential
21 Information and subject to this Order during the deposition and for a period of thirty
22 (30) days after a transcript of said deposition is received by counsel for each of the
23 parties. At or before the end of such thirty-day period, the deposition, or pages
24 thereof, may be designated as Confidential Information by any Party. If any
25 deposition or pretrial testimony is designated as Confidential Information, the
26 Producing Party shall direct the court reporter to affix an appropriate confidentiality
27 legend to the deposition transcript's first page and all portions of the transcript
28

containing Confidential Information. Any Party may challenge the designation by following the procedure set forth in Paragraph 4.

9. In the event that a Party seeks to use Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Confidential Information through such use if it is filed under seal. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Receiving Party may use such Confidential Information only after taking such steps as agreed to by the Parties or as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information, unless otherwise ordered by the Court.

10. This Order shall not preclude counsel for the Parties from using Confidential Information during any deposition in this Litigation, provided that any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute the Confidentiality Undertaking annexed hereto. Counsel for the Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for all the other parties.

11. A Party may designate as Confidential Information subject to this Order any Discovery Material produced or given by any non-party to this Litigation, or any portion thereof that qualifies as Confidential pursuant to paragraph 2(a). In the case of such Discovery Material, the designation shall be made by stamping the documents CONFIDENTIAL in the lower left portion of each page of the designated document, or where documents are provided in native format, by designating them as CONFIDENTIAL in a field or on the face of the media on which the data is delivered. In the case of testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or

1  otherwise treated as Confidential Information at any time up to thirty (30) days after
2  the transcript is received by the counsel designating the testimony as Confidential
3  Information.  Prior to the expiration of such thirty (30) day period (or until a
4  designation is made by counsel, if such a designation is made in a shorter period of
5  time), all such documents shall be treated as Confidential Information.  Any Party
6  may challenge the designation by following the procedure set forth in Paragraph 4.

7       12.    Filing of Confidential Information:

8              (a)    As applied to documents, materials or other papers filed with the
9  Court that have been designated CONFIDENTIAL, the parties shall seal such
10 documents (or any portion thereof), by following the protocols for electronic filings
11 in this District.  If a Party believes that material has been designated as
12 CONFIDENTIAL and cannot or should not be sealed, pursuant to the protocols and
13 rules in this District, then the Party wishing to file the materials shall particularly
14 identify the documents or information that it wishes to file to the Producing Party, in
15 writing.

16             (b)    A Receiving Party who seeks to file with the Court any
17 Discovery Material that has previously been designated as comprising or containing
18 Confidential Information, and any pleading, brief or memorandum which contains
19 Confidential Information, shall do so in one of the following three ways:

20                    (1)    the Receiving Party shall make a good faith effort to
21 provide the Producing Party with reasonable notice under the circumstances (where
22 possible, the notice shall be given at least seven days in advance, and in writing), of
23 its intent to file such material with the Court.  The Producing Party must then
24 provide a prompt response and either consent to filing the information without filing
25 it under seal, or must file a motion to seal the Confidential Information.  If the
26 Producing Party files a motion to seal the information, the Confidential Information
27 shall not be filed until the Court renders a decision on the motion to seal; or.
28

1139964.1\036422439964                    8
ORDER FOR ENTRY OF PROTECTIVE ORDER

1  (2) Alternatively, the Receiving Party may itself file a Motion
2 to seal such Confidential Information.  If the Receiving Party files a Motion to Seal
3 the Confidential Information, the Confidential Information shall not be filed until
4 the Court renders a decision on the motion to seal, or;

5  (3) The Receiving Party shall seek consent from the
6 Producing Party to declassify Discovery Material on the terms set forth in paragraph
7 4 above (in order to permit its inclusion in any pleading, brief or memorandum).

8  (c) In the event a motion to seal sought under paragraph 12(b)(1) or
9 12(b)(2) is granted, all Discovery Material subject to the motion to seal that has
10 previously been designated as comprising or containing Confidential Information,
11 and any pleading, brief, or memorandum subject to the motion to seal which
12 reproduces, paraphrases or discloses such Discovery Material, shall be filed under
13 seal, pursuant to the rules in this District.

14  (d) All pleadings, briefs or memoranda which reproduces,
15 paraphrases or discloses any documents which have previously been designated by a
16 Party as comprising or containing Confidential Information, shall identify such
17 documents by the production number ascribed to them at the time of production.

18  (e) In the event a motion to seal sought under paragraph 12(b)(1) or
19 12(b)(2) is denied, the Receiving Party shall take reasonable steps to minimize the
20 disclosure of Confidential Information.  The Receiving Party shall only disclose or
21 file Confidential Information to the extent necessary and to the extent Discovery
22 Materials contain Confidential Information not necessary for the purpose to which
23 the Discovery Materials or brief have been filed, the Receiving Party shall redact
24 such Confidential Information before filing.

25  (f) Nothing herein shall prevent the Parties from providing courtesy
26 copies of pleadings, briefs or memoranda to the Court.  Such courtesy copies shall
27 note in the caption that they contain or disclose information that has been designated
28 as Confidential Information under this Order.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Order.

14. The unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as confidential, the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated. A Receiving Party shall not be in breach of this Order for any use of such unintentionally non-designated or inadvertently misdesignated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

17. A Producing Party may also designate Discovery Material as "Highly Confidential Information." This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such

1 Discovery Material would not otherwise be adequately protected under the
2 procedures set forth herein for "Confidential Information." The provisions of this
3 Order, including all usage, dissemination, and disclosure limitations, shall be
4 applicable to "Highly Confidential Information" in the same manner as
5 "Confidential Information," except that notwithstanding any other provision of this
6 Order, no disclosure of Highly Confidential Information may be made to any
7 persons other than (1) a Party's in-house and external counsel and the paralegals and
8 support personnel working for such counsel and (2) the Court and Court personnel,
9 if filed in accordance with paragraph 12 hereof.  Disclosure to in-house counsel
10 shall be limited to in-house counsel providing legal advice in connection with this
11 Litigation, and Highly Confidential Information may not be disclosed to any other
12 officers, directors, employees, or agents of a Party, including other in-house counsel.
13 Nothing in this Paragraph shall preclude counsel from giving advice to his or her
14 client in this Litigation that includes a general evaluation of Highly Confidential
15 Information, provided that counsel shall not disclose the contents of any Highly
16 Confidential Information contrary to the terms of this Order.

17      18.   A Producing Party's disclosure of information or documents that are
18 protected from disclosure by the attorney-client privilege, the attorney work product
19 doctrine, the Bank Examiner Privilege or any other privilege, immunity, or
20 protections from disclosure ("Privileged Documents"), shall not constitute a waiver
21 with respect to such Privileged Documents or generally of such privilege, immunity
22 or protection, provided that the Producing Party notifies the Receiving Party, in
23 writing, of the production after its discovery of the same.  The Producing Party must
24 specifically and individually identify the Privileged Documents which it
25 unintentionally produced to the Receiving Party.  Upon written notification of
26 inadvertent production of privileged materials (hereafter referred to as "Identified
27 Materials") by the Producing Party, the Receiving Party shall return, destroy, or
28 delete the Identified Materials as requested by the Producing Party.  If the Receiving

1  Party has any notes or other work product reflecting the contents of the Identified
2  Materials, the Receiving Party will not review or use those materials unless a court
3  later designates the Identified Materials as not privileged or protected.
4       a.    The Identified Materials shall be deleted from any systems used
5  to house the documents, including document review databases, e-rooms and any
6  other location that stores the documents.  The Receiving Party may make no use of
7  the Identified Materials during any aspect of this matter or any other matter,
8  including in depositions or at trial, unless the documents are later designated by a
9  court as not privileged or protected.
10       b.    The contents of the Identified Materials shall not be disclosed to
11  anyone who was not already aware of the contents of them before the notice was
12  made.
13   19.  If a Receiving Party receives Discovery Material that, on its face,
14  appears to be a Privileged Document, and does not know to have been intentionally
15  produced or made available, the Receiving Party must refrain from examining the
16  materials any more than is essential to ascertain if the materials are privileged.  The
17  Receiving Party shall immediately notify the Producing Party in writing that the
18  Receiving Party possesses material that appears to be privileged or otherwise
19  protected from disclosure.  In the event alleged Privileged Documents were
20  unintentionally disclosed, the Producing Party may provide notice to the other
21  parties advising of the disclosure and requesting return or destruction of the
22  Privileged Documents pursuant to this paragraph.  The party returning the Identified
23  Materials may move the Court for an compelling production of some or all of the
24  material returned or destroyed, but the basis for such a motion may not be the fact or
25  circumstances of the production.  This stipulated agreement set forth in this
26  paragraph does not constitute a concession by any party that any documents are
27  subject to protection by the attorney-client privilege, the work product doctrine or
28  any other potentially applicable privilege or doctrine.  This agreement also is not

1 intended to waive or limit in any way either party's right to contest any privilege
2 claims that may be asserted with respect to any of the documents produced except to
3 the extent stated in the agreement.

4     20. This Order is entered into without prejudice to the right of either Party
5 to seek relief from, or modification of, this Order or any provisions thereof by
6 properly noticed motion to the Court.  This Order shall not prevent a Party from
7 arguing that certain documents are so sensitive that they should not be produced
8 even under this Order or from seeking further protection for certain documents.

9     21. The Parties agree that they would not have an adequate remedy at law
10 in the event that a court of competent jurisdiction determines that there is an actual
11 or threatened breach of this Order by either Party and agrees that under such
12 circumstances the Parties will be entitled to specific performance, and/or injunctive
13 relief, to enforce the terms hereof, in addition to any remedy to which they may be
14 entitled at law or in equity.

15     22. The United States District Court for the Central District of California is
16 responsible for the interpretation and enforcement of this Order.  All disputes
17 concerning Protected Material, however designated, produced under the protection
18 of this Order shall be resolved by the United States District Court for the Central
19 District of California.

20     23. This Order has no effect upon, and shall not apply to, the Parties' use of
21 their own Confidential Information for any purpose.  Nothing herein shall impose
22 any restrictions on the use or disclosure by a Party of documents, materials or
23 information designated as Confidential Information that has been obtained lawfully
24 by such Party independently of the proceedings in this Litigation.

25     24. In the event that additional parties join or are joined in this Litigation,
26 they shall not have access to Confidential Information until the newly joined party,
27 by its counsel, has executed and filed with the Court its agreement to be fully bound
28 by this Order.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

25. The parties agree to be bound by the terms of their Stipulation pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if their Stipulation had been entered by the Court.

26. Procedure for Handling Legal Demands for Confidential Information:

(a) If a Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who (e) produced or designated the material as Confidential Information.

(b) The Receiving Party shall not produce any of the Producing Party's Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

(c) If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Party subject to the Demand that the Producing Party opposes production of its Confidential Information, the Receiving Party shall object to the Demand, citing this Order, and shall not thereafter produce such Confidential Information, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the subpoena and/or seeking a protective order. The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

(d) Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to

1 subject itself to any penalties for non-compliance with any legal process or order for
2 failure to comply with a Demand, or to seek any relief from this Court in connection
3 with obligations imposed by a Demand.

4     (e)    In the event that Confidential Information is produced to a non-
5 party to this Order in response to a Demand, such Discovery Material shall continue
6 to be treated in accordance with the designation as Confidential by the parties to this
7 Order.

8     27.    This Order shall continue to be binding after the conclusion of this
9 Litigation except (a) that there shall be no restriction on documents that are used as
10 exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party
11 may seek the written permission of the Producing Party or further order of the Court
12 with respect to dissolution or modification of the Order.

13     28.    Nothing herein shall be deemed to waive any privilege recognized by
14 law, or shall be deemed an admission as to the admissibility in evidence of any facts
15 or documents revealed in the course of disclosure.

16     29.    Within sixty (60) days after the final termination of this Litigation by
17 settlement or exhaustion of all appeals, all Confidential Information produced or
18 designated and all reproductions thereof, shall be returned to the Producing Party or
19 shall be destroyed, at the option of the Receiving Party, including copies of
20 electronic documents maintained in databases or other electronic locations.  In the
21 event the physical objects and documents are to be destroyed, the Receiving Party
22 shall certify in writing within sixty (60) days of the final termination of this
23 Litigation that it has undertaken its best efforts to destroy such physical objects and
24 documents, and that such physical objects and documents have been destroyed to
25 the best of its knowledge.  Notwithstanding anything to the contrary, counsel of
26 record for the Parties may retain copies of documents constituting work product,
27 copies of pleadings, motion papers, discovery responses, deposition transcripts and
28 deposition and trial exhibits.  To the extent that persons retain documents containing

1 Confidential Information upon the final termination of this Litigation, said persons
2 shall certify in writing within sixty (60) days of the final termination of this
3 Litigation that they will maintain the confidentiality of this Confidential Information
4 in accordance with the terms of this Order.  Nothing in this paragraph shall be
5 construed to require a Receiving Party to destroy Confidential Information retained
6 on back-up tapes or to require the Receiving Party to take unreasonably expensive
7 or burdensome measures to effectuate the destruction of Confidential Information.

8     30.    This Order shall not be interpreted in a manner that would violate any
9 applicable canons of ethics or codes of professional responsibility.  Nothing in this
10 Order shall prohibit or interfere with the ability of counsel for any Party, or of
11 experts specially retained for this Litigation, to represent any individual,
12 corporation, or other entity adverse to any Party or its affiliate(s) in connection with
13 any other matters.

14     31.    This Order may be changed by further order of this Court, and is
15 without prejudice to the right of a Party to move for relief from any of its provisions,
16 or to seek or agree to different or additional protection for any particular material or
17 information.  All modifications of, waivers of and amendments to this Stipulation
18 must be in writing and signed by, or on behalf of, the Parties.

20 Dated: April 04, 2016      _____

    HONORABLE ANDREW J. WISTRICH
    JUDGE OF THE U.S. DISTRICT COURT –
    CENTRAL DISTRICT OF CALIFORNIA

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on the date the Court signed the Protective Order in the case of *Catarina Francisco v. Bank of America, N.A. et al.,* United States District Court for the Central District of California, 14-cv-00887-AJW. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this acknowledgement was executed the __ day of _____ [month] at _____ [city], _____ [state].

Printed name: _____

Signature: _____

1139964.1\036422439964

1

ORDER FOR ENTRY OF PROTECTIVE ORDER